# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Laura L. Medley, | No. CV 10-0061-PHX-MHM (DKD) |
| Petitioner, | **ORDER** |
| vs. | |
| Charles L. Ryan, et al., | |
| Respondents. | |

On January 11, 2010, Petitioner Laura L. Medley, who is confined in the Arizona State Prison Complex-Perryville in Goodyear, Arizona, filed a *pro se* "Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody" (Doc. #1), a "Motion for a Court Order Requiring A.D.O.C. to Provide a Certified Copy of Petitioner's Inmate Account and Certified In Forma Pauperis to Petitioner" (Doc. #3), a "Motion for Court Order Requiring A.D.O.C. to Produce Petitioner's Medical Records" (Doc. #4), and a "Notice of Request for Discovery" (Doc. #5).

**I.     Construction of the Petition as a Civil Rights Action**

In her § 2254 Petition, Petitioner names Charles L. Ryan as Respondent and the Arizona Attorney General as an Additional Respondent. Petitioner seeks release from confinement, claiming that "[d]ue to overcrowding, Charles L. Ryan does not have [the] financial ability to provide [Petitioner] with appropriate medical care."

JDDL

If a prisoner is challenging the conditions of her confinement, rather than the validity or duration of the confinement, her remedy arises under the civil rights law, not habeas corpus. See Muhammad v. Close, 540 U.S. 749, 750 (2004). Petitioner's claim relates to the conditions of her confinement. The appropriate remedies for constitutional violations related to conditions of confinement are "a judicially mandated change in conditions and/or an award of damages, but not release from confinement." Crawford v. Bell, 599 F.2d 890, 892 (9th Cir. 1979).

If a prisoner seeks civil rights relief by filing a habeas petition, she has mislabeled her case and is entitled to have her action treated as a claim for relief under civil rights law. Hansen v. May, 502 F.2d 728, 729-30 (9th Cir. 1974). Therefore, the Court will construe Petitioner's pleading as a civil rights action brought pursuant to 42 U.S.C. § 1983.

## II.     Failure to Use Proper Court-Approved Form

Local Rule of Civil Procedure 3.4(a) requires in part that "[a]ll complaints and applications to proceed *in forma pauperis* by incarcerated persons shall be signed and legibly written or typewritten on forms approved by the Court and in accordance with the instructions provided with the forms." Because Petitioner misfiled her case as a habeas petition, she did not file on the court-approved form for filing a civil rights action. The Petition will therefore be dismissed without prejudice, with leave to amend, in order for Petitioner to file an amended complaint on a court-approved form for filing a civil rights action.

Within 30 days, Petitioner may submit a first amended complaint on a court-approved form for filing a civil rights action. The Clerk of Court will mail Petitioner a court-approved form to use for filing a first amended complaint. If Petitioner fails to use the court-approved form, the Court may strike the amended complaint and dismiss this action without further notice to Petitioner.

Petitioner must clearly designate on the face of the document that it is the "First Amended Complaint." The first amended complaint must be retyped or rewritten in its

entirety on the court-approved form and may not incorporate any part of the § 2254 Petition by reference. Petitioner may include only one claim per count.

If Petitioner files a first amended complaint, Petitioner must write short, plain statements telling the Court: (1) the constitutional right Petitioner believes was violated; (2) the name of the Defendant who violated the right; (3) exactly what that Defendant did or failed to do; (4) how the action or inaction of that Defendant is connected to the violation of Petitioner's constitutional right; and (5) what specific injury Petitioner suffered because of that Defendant's conduct. See Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976).

Petitioner must repeat this process for each person she names as a Defendant. If Petitioner fails to affirmatively link the conduct of each named Defendant with the specific injury suffered by Petitioner, the allegations against that Defendant will be dismissed for failure to state a claim. Conclusory allegations that a Defendant or group of Defendants have violated a constitutional right are not acceptable and will be dismissed.

A first amended complaint supersedes the § 2254 Petition. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992); Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the Court will treat the § 2254 Petition as nonexistent. Ferdik, 963 F.2d at 1262. Any cause of action that was raised in the § 2254 Petition is waived if it is not raised in a first amended complaint. King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

**III. Application to Proceed *In Forma Pauperis***

When bringing a civil rights action, a prisoner must either pay the $350.00 filing fee in a lump sum or, if granted the privilege of proceeding *in forma pauperis*, pay the fee incrementally as set forth in 28 U.S.C. § 1915(b)(1). An application to proceed *in forma pauperis* requires an affidavit of indigence and a certified copy of the inmate's trust account statement for the six months preceding the filing of the Complaint. 28 U.S.C. § 1915(a)(2). An inmate must submit statements from each institution where she was confined during the six-month period. Id. To assist prisoners in meeting these requirements, the Court requires use of a form application. LRCiv 3.4(a).

Petitioner did not pay the filing fee or file an Application to Proceed *In Forma Pauperis*. Instead, she filed a "Motion for a Court Order Requiring A.D.O.C. to Provide a Certified Copy of Petitioner's Inmate Account and Certified In Forma Pauperis to Petitioner." In that Motion, Petitioner contends that she "forwarded a request for a certified copy of her inmate account and signed In Forma Pauperis packet to Inmate Banking [and] Inmate Banking refuses to respond to this request." Petitioner requests that the Court order the Arizona Department of Corrections (ADOC) to produce a certified copy of Petitioner's inmate account and certified *in forma pauperis* form.

It is unclear when Petitioner submitted her request to ADOC, whether she submitted a court-approved form to ADOC, and whether she submitted the court-approved form for seeking to proceed *in forma pauperis* when filing a habeas action or the court-approved form for seeking to proceed *in forma pauperis* when filing a non-habeas action. In light of those issues and the fact that the Court has had virtually no prior problems with ADOC providing inmates with the necessary information to submit Applications to Proceed *In Forma Pauperis*, the Court will deny the Motion without prejudice.

The Court will give Petitioner 30 days to file an Application to Proceed *In Forma Pauperis* or pay the $350.00 filing fee. ADOC has notified the Court that a certified trust fund account statement showing deposits and average monthly balances is available from the ADOC's Central Office. *Accordingly, Petitioner must obtain the certified copy of her ADOC trust fund account statement for the six months immediately preceding the filing of the Petition/Complaint from the ADOC's Central Office*.

**IV. Motion Regarding Medical Records**

Petitioner has filed a "Motion for Court Order Requiring A.D.O.C. to Produce Petitioner's Medical Records" (Doc. #4). This is a request for discovery and the Court will deny it as premature. At this point, Petitioner has not filed an Application to Proceed *In Forma Pauperis* and her Petition, which the Court has construed as a civil rights action, has been dismissed. If Petitioner files a complete Application to Proceed and an amended complaint, and the Court grants the Application to Proceed, the Court will screen the

1 amended complaint pursuant to 28 U.S.C. § 1915A. If the Court determines that an answer
2 is required, the Court will direct the Clerk of Court to send Petitioner a service packet
3 containing summonses and request for waiver forms for Petitioner to complete and return to
4 the Court. If Petitioner returns those forms to the Court, the Court will direct the United
5 States Marshal to notify the Defendants of the commencement of the action, request waiver
6 of service of the summonses, and serve Defendants if they do not waive service. The Court
7 will issue a scheduling order setting discovery deadlines *after* Defendants have answered the
8 complaint.

**V.     Warnings**

**A.     Address Changes**

Petitioner must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Petitioner must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

**B.     Copies**

Petitioner must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Petitioner.

**C.     Possible Dismissal**

If Petitioner fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)     The Court **construes** Petitioner's § 2254 Petition (Doc. #1) as a civil rights action brought pursuant to 42 U.S.C. § 1983.

(2)     The § 2254 Petition (Doc. #1) is **dismissed without prejudice** for failure to file on the proper court-approved form.

(3) Petitioner's "Motion for a Court Order Requiring A.D.O.C. to Provide a Certified Copy of Petitioner's Inmate Account and Certified In Forma Pauperis to Petitioner" (Doc. #3) is **denied without prejudice**.

(4) Petitioner's "Motion for Court Order Requiring A.D.O.C. to Produce Petitioner's Medical Records" (Doc. #4) is **denied without prejudice**.

(5) Petitioner has **30 days** from the date this Order is filed to file a first amended complaint in compliance with this Order.

(6) If Petitioner fails to file an amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action without prejudice and without further notice to Petitioner.

(7) Within 30 days of the date this Order is filed, Petitioner must either pay the $350.00 filing fee **or** file a complete Application to Proceed *In Forma Pauperis* and a certified six-month trust account statement.

(8) If Petitioner fails to either pay the $350.00 filing fee or file a complete Application to Proceed *In Forma Pauperis* within 30 days, the Clerk of Court must enter a judgment of dismissal of this action without prejudice and without further notice to Petitioner.

(9) The Clerk of Court must mail Petitioner a court-approved form for filing an Application to Proceed *In Forma Pauperis* (Non-Habeas) **and** a court-approved form for filing a civil rights complaint.

DATED this 2nd day of February, 2010.

_____
Mary H. Murguia
United States District Judge